**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **ED CV 25-2892-JFW(PVCx)** | Date: October 31, 2025 |

Title:    Miguel Portillo, et al. -v- Kristi Noem, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PETITIONERS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [filed 10/30/2025; Docket No. 4]**

On October 30, 2025, Petitioners Miguel Portillo; Francisco Diaz Gutierrez; Rudy Mendez Escareno; Olmer Alfredo Bernal Mendez; Yenni Perez Quinilla; Florentina Ramirez Gatica; Felix Cesario Morales Gomez; and Miguel Argueta Reyes (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against U.S. Secretary of Homeland Security Kristi Noem; U.S. Attorney General Pamela Bondi; Acting Director of Immigration and Customs Enforcement ("ICE") Todd Lyons; Acting Director of the Los Angeles Field Office of ICE Ernesto Santacruz, Jr.; Warden of the Adelanto ICE Processing Center Fereti Semaia; Executive Office for Immigration Review ("EOIR"); ICE; and the U.S. Department of Homeland Security ("DHS") (collectively, "Respondents").  Petitioners, who have been charged with being present in the United States without admission and therefore removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), are in ICE custody pending removal proceedings.  They seek a writ of habeas corpus requiring that they be released from custody unless Respondents provide them with a bond hearing pursuant to 8 U.S.C. § 1226(a).

On October 30, 2025, Petitioners filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Application").  On October 31, 2025, Respondents filed their Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering Petitioners' Application and Respondents' Opposition, and the arguments therein, the Court rules as follows:

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioners are charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. They are currently in ICE custody pending removal proceedings. At the time of their arrests, Petitioners allege that they were residing in the United States. After being detained, Petitioners have been unable to obtain a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). Five of the eight petitioners requested a bond hearing before an immigration judge. And, in each of those five instances, an immigration judge denied the request for lack of jurisdiction. Although the three remaining petitioners (Olmer Alfredo Bernal Mendez; Florentina Ramirez Gatica; and Felix Cedario Morales Gomez) have not yet specifically been denied a bond hearing, they allege that they are unable to obtain a bond hearing before an immigration judge pursuant to *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)

The immigration judges' decisions were consistent with a recent DHS policy issued on July 8, 2025 that instructs ICE employees to consider anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Pursuant to section 1225(b)(2)(A), "applicants for admission" who are "seeking admission" are subject to mandatory detention. The Board of Immigration Appeals ("BIA") recently addressed this issue in its order issued on September 5, 2025 in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216(BIA) 2025, which is binding on all immigration judges. The BIA, consistent with the recent DHS policy, held that immigration judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission, because such individuals are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a) and are thus ineligible to be released on bond.

Prior to the new policy, non-citizens, like Petitioners, who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole.

Petitioners argue that their ongoing detention without bond hearings violates 8 U.S.C. § 1226(a); DHS and EOIR's bond regulations; the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); and their Fifth Amendment Right to Due Process. In their Application, Petitioners seek a TRO: (1) requiring Respondents to release them from custody or to provide them with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of issuance of an Order; and (2) enjoining Respondents from relocating Petitioners outside of the Central District of California pending final resolution of this case.

Respondents oppose Petitioners' Application, arguing in relevant part that: (1) the Court lacks jurisdiction to review Petitioners' claims under 8 U.S.C. § 1252; (2) Petitioners fail to demonstrate a likelihood of success on the merits because, under the plain text of 8 U.S.C. § 1225, Petitioners must be detained pending the outcome of their removal proceedings; and (3) the balance of hardships favors Respondents.

## II. LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

If the Court issues a TRO, it must also issue an Order to Show Cause why a preliminary injunction should not issue. *See* Local Rule 65-1.

## III. DISCUSSION

The Court concludes that Petitioners have demonstrated that they are entitled to the requested TRO. Numerous federal courts, including five in this District, have addressed the same legal issues presented here and have granted the petitioners' requests for TROs. *See, e.g., Zaragoza Mosqueda v. Noem,* No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025)*; Benitez v. Noem,* 5:25-cv-2190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Ceja Gonzalez v. Noem*, 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *Arrazola-Gonzalez v. Noem,* No. 5:25-cv-01789-ODW-DFM, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); and *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025).The Court agrees with these opinions, and in particular, adopts the reasoning of Judge Snyder in *Zaragoza Mosqueda v. Noem,* No. 5:25-CV-02304-CAS-BFM, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025) and Judge Klausner in *Benitez v. Noem,* 5:25-cv-2190-RGK-AS (C.D. Cal. Aug. 26, 2025).

Specifically, for the reasons stated in those opinions, the Court holds:

(1) 8 U.S.C. § 1252(b)(9) and § 1252(g) do not present a jurisdictional bar. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018);

(2) Petitioners are likely to succeed on the merits of their claims that their ongoing detention under 8 U.S.C. § 1225(b)(2) is unlawful because 8 U.S.C. § 1226(a)

  governs their detention;

(3)  Petitioners are likely to suffer irreparable injury in the absence of a TRO because detention constitutes a loss of liberty that is irreparable;

(4)  the balance of equities and public interest weigh in favor of a TRO because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue," *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022); and

(5)  Petitioners are not required to exhaust their administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Petitioners' Application is **GRANTED**. The Court **ORDERS** that:

- Respondents are enjoined from continuing to detain Petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

- Respondents are enjoined from transferring, relocating, or removing petitioners outside of the Central District of California pending final resolution of this case; and

- Respondents shall show cause, in writing, by November 10, 2025 as to why the Court should not issue a preliminary injunction in this case. Petitioners may file a response by November 12, 2025. The Court sets a hearing on whether a preliminary injunction should issue on **November 14, 2025 at 8:00 a.m.**

IT IS SO ORDERED.